IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN W. THORPE | : | CIVIL ACTION |
| v. | : | NO. 06-712 |
| HARRY E. WILSON, et al. | : | |

**Memorandum and Order**

YOHN, J.                                                                                                        January ___, 2007

Petitioner Kevin W. Thorpe, a prisoner in the Pennsylvania State Correctional Institution at LaBelle, Pennsylvania, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. After conducting a *de novo* review of the report and recommendation of United States Magistrate Judge Arnold C. Rapoport, and upon consideration of petitioner's objections thereto, I will overrule petitioner's objections, adopt the report and recommendation, and dismiss the petition as it is barred by the one-year statutory filing period contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

**I. Factual and Procedural Background**

On February 4, 1997, petitioner was found guilty by a jury sitting before the Honorable Ricardo Jackson in the Court of Common Pleas of Philadelphia County of two counts of robbery, and one count each of criminal trespass, carrying a firearm without a license, carrying a firearm on a public street, possessing an instrument of crime, and criminal conspiracy. On April 2, 1997, the court sentenced petitioner to an aggregate of 33 ½ to 67 years imprisonment. Petitioner

timely filed a direct appeal in the Pennsylvania Superior Court and, on April 17, 1998, the judgement of sentence was affirmed. (Ex. A of Gov't Resp. to § 2254 Pet. 8-10); *Commonwealth v. Thorpe*, 718 A.2d 349 (Pa. Super. Ct. 1998) (unpublished memorandum). On October 6, 1998, the Pennsylvania Supreme Court denied petitioner's request for discretionary review. *Commonwealth v. Thorpe*, 729 A.2d 1128 (Pa. 1998).

On February 19, 1999, petitioner timely filed a petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"). *See* 42 Pa. Cons. Stat. §§ 9541-46. After petitioner was appointed counsel, an amended PCRA petition was filed. On March 16, 2000, the PCRA court dismissed the petition. Petitioner filed a notice of appeal in the Pennsylvania Superior Court, which was dismissed on January 31, 2001, due to counsel's failure to file a brief.

On February 21, 2001, petitioner filed a second PCRA petition *pro se*. In this petition, he claimed that he had recently learned that his appeal of the denial of his first PCRA petition was dismissed because PCRA counsel had failed to file an appellate brief. The PCRA court dismissed petitioner's second petition as untimely on September 26, 2003. Petitioner appealed to the Superior Court, which affirmed the dismissal, again based on its untimeliness. (Ex. B of Gov't Resp. to § 2254 Pet. 12-16); *Commonwealth v. Thorpe*, 873 A.2d 773 (Pa. Super. Ct. 2005) (unpublished memorandum). Petitioner then requested review by the Pennsylvania Supreme Court, which was denied without opinion on August 10, 2005. *Commonwealth v. Thorpe*, 882 A.2d 478 (Pa. 2005).

On February 8, 2006, petitioner signed the instant petition, which was filed on February

17, 2006.[1]  Petitioner claims:  (1) trial counsel was ineffective for failing to call alibi witness to testify at petitioner's trial (§ 2254 Pet. 2A, 3A, 4A, 9); (2) the trial court erred in its failure to declare a mistrial after denying the jury's request "for a hung jury," in violation of petitioner's right of due process under the Fourteenth Amendment (*id.* at 4A, 5A, 9); (3) trial and direct appellate counsel violated his Sixth and Fourteenth Amendment rights by rendering ineffective assistance of counsel by failing to challenge the sufficiency of the evidence supporting his conviction for the robbery of Seymour Sheinman (*id*. at 5A, 6A, 7A, 8A, 9); and (4) direct appellate counsel rendered ineffective assistance of counsel by failing to pursue the issue on direct appeal that trial counsel was ineffective by not objecting when the sentencing court erred by sentencing petitioner outside of the statutory range and inflicted cruel and unusual punishment upon petitioner by imposing consecutive terms of imprisonment of 33 ½ - 67 years, in violation of his rights under the Sixth, Eighth, and Fourteenth Amendments (*id*. at 8A, 9, 9A, 10A, 11A, 12A).

I referred the petition to Magistrate Judge Rapoport, who issued a report and recommendation to dismiss the entirety of the petition without an evidentiary hearing, and to deny a certificate of appealability, as the petition is barred by the one-year statutory filing deadline contained in AEDPA and petitioner is not entitled to equitable tolling.  Petitioner has filed objections to the report and recommendation arguing that his petition is not time-barred because he is entitled to statutory and equitable tolling.

---

[1] For *pro se* motions, the motion is considered to have been filed when the prisoner puts it into the prison mail system, regardless of when the district court clerk actually receives it. *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).

## II. Discussion

### A. Standard of Review

Where a habeas petition has been referred to a magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), this court's review of "those portions of the report or specified proposed findings or recommendations to which objection is made" is *de novo*. § 636(b). After conducting such a review, this court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

### B. Statutory Tolling

Under AEDPA, a state prisoner seeking federal habeas relief must file his petition within one year of the date on which his judgment of conviction becomes final, either "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). However, AEDPA expressly tolls its one-year statute of limitations for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2). A state collateral petition tolls AEDPA's statute of limitations only when the petition was "submitted according to the state's procedural requirements, such as the rules governing time and place of filing." *Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir. 2001) (internal citation omitted). Specifically, state time-limits on applications for postconviction relief are "condition[s] to filing," such that untimely petitions are not "properly filed" under AEDPA. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (stating "when a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"). Moreover, a federal district court must defer to a Pennsylvania

court's determination of whether a petition is timely under state law. *Merritt v. Blaine*, 326 F.3d 157, 165-66 (3d Cir. 2003).

Petitioner's judgement of sentence became final on January 4, 1999. *See* 42 Pa. Cons. Stat. § 9545(b)(3); *Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999) (finding that the Pennsylvania Supreme Court's decision became final after ninety days because the time for seeking certiorari expired). Forty-six days passed in the limitations period until petitioner filed his first PCRA petition on February 19, 1999. While that petition was pending, the statute of limitations was tolled until March 2, 2001, when the time for appealing the Superior Court's order expired. *See* Pa. R. App. P. 903(a) (requiring appeals be filed within thirty days of the order from which the appeal is taken).

Petitioner argues that his second PCRA petition tolled the statute of limitations, thereby making the instant petition timely filed. (Pet'r Obj's 10.) However, petitioner's second PCRA petition was not timely filed, thus preventing the statute of limitations from being tolled. The PCRA court held that petitioner's second PCRA petition was untimely, which was affirmed by the Superior Court on the same basis, a decision that was then affirmed without opinion by the Pennsylvania Supreme Court. *See Commonwealth v. Tilghman*, 543 Pa. 578, 589 (Pa. 1996) ("In any appeal before us, this Court's entry of a *per curiam* order affirming or reversing the final order of a lower tribunal, after review and consideration of the issues on appeal to this Court, signifies this Court's agreement or disagreement with the lower tribunal's final disposition of the matter on appeal to us."). "[A]n untimely PCRA petition does not toll the statute of limitations for a federal habeas corpus petition" because it is not "properly filed" within the meaning of AEDPA. *Merritt*, 326 F.3d at 165; *see also*, *Pace* 544 U.S. at 417 ("Because the state court

5

rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).").[2]

Thus, because petitioner only had 319 days remaining in AEDPA's statutory tolling period within which to file his habeas petition after March 2, 2001, when the tolling of the statute by virtue of the pendency of his first PCRA petition expired, and the instant petition was not filed until February 8, 2006, almost five years later, it is barred by AEDPA unless equitable tolling is appropriate.

---

[2] To the extent petitioner argues that the state court's decision to deny his second PCRA petition is in violation of federal law, (Pet'r Obj's 8, 12-13), such a claim is not cognizable under federal law because it alleges an error in state collateral proceedings. The Third Circuit has described the limited scope of federal habeas corpus review as follows:

> The federal courts are authorized to provide collateral relief where a petitioner is in state custody or under a federal sentence imposed in violation of the Constitution or the laws or treaties of the United States. Thus, the federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation.

*Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998) (internal citations omitted); *see also Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004) ("[A]lleged errors in collateral proceedings . . . are not a proper basis for habeas relief from the original conviction. It is the original trial that is the 'main event' for habeas purposes."); *Mason v. Meyers*, 208 F.3d 414, 417 (3d Cir. 2000) (rejecting the premise that "a delay in a collateral proceeding can be the basis of a petition for a writ of habeas corpus"); *Duff-Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir. 1992) (noting that "infirmities in state habeas proceedings do not constitute grounds for federal habeas relief"); *Williams v. Missouri*, 640 F.2d 140, 144 (8th Cir. 1981) (finding that "[e]ven where there may be some error in state postconviction proceedings, this would not entitle appellant to federal habeas corpus relief since appellant's claim here represents an attack on a proceeding collateral to detention of appellant and not on the detention itself"); *Abu Jamal v. Horn*, 2001 U.S. Dist. LEXIS 20812, at *430 (E.D. Pa. Dec 18, 2001) (holding that "a viable habeas claim cannot be predicated on petitioner's allegation of error in his PCRA hearing").

Accordingly, a district court is limited to reviewing the proceedings that led to the petitioner's original sentence; claims of procedural impropriety at the state habeas level fall outside its domain.

**C. Equitable Tolling**

The Third Circuit has held that the statute of limitations in AEDPA is subject to the doctrine of equitable tolling. "Equitable tolling is available only when the principle of equity would make the rigid application of a limitation period unfair." *Merritt*, 326 F.3d at 161. The Third Circuit has held that there are "two general requirements for equitable tolling: (1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claims." *Id*. Courts should be sparing in their use of equitable tolling, applying it "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice." *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005) (internal citations omitted). A court may equitably toll the statute of limitations only when: (1) the government has actively misled the defendant; (2) the defendant has timely asserted his rights but in a wrong forum; or (3) the defendant has in some extraordinary way been prevented from asserting his rights. *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999).

The Magistrate Judge found that petitioner had not exercised reasonable diligence in filing the instant habeas petition and therefore was not entitled to equitable tolling. (Rep. & Recom. 8.) Petitioner has objected to this finding, making several arguments that he is entitled to have his petition heard. First, he argues that *pro se* prisoner-litigants are subject to restrictions that make compliance with procedural deadlines more difficult, which warrants affirmative measures to ensure a prisoner's access to the courts. (Pet'r Objs. 10-11.) Next, petitioner appears to make an argument that it is through no fault of his own that the necessary factual grounds were not developed. (*Id.* at 11.) Further, petitioner contends that it was the

incompetence of his court-appointed PCRA attorney, by failing to file a brief, and not the fault of petitioner, that forced him to file a second PCRA petition. (*Id.* at 11-12, 13.) Lastly, petitioner argues that the state court judge's failure to dismiss in a timely manner his first PCRA petition–by holding it for thirteen months so that his PCRA attorney's failure to file a brief in the appeal of that decision ultimately would have come to light sooner–amounts to inference by a government official. (*Id.* at 13.)[3]

However, petitioner is not entitled to equitable tolling. Petitioner has not alleged extraordinary circumstances that would justify equitable tolling. Being in prison, without more, does not amount to extraordinary circumstances, and petitioner has not alleged circumstances that actually impeded his ability to file a petition. *See Perry v. Vaughn*, 2003 U.S. Dist. LEXIS 24094, at *15 (E.D. Pa. 2003) (stating that "petitioner must show that these circumstances actually impeded his ability to file a timely petition"). Nor is PCRA appellate counsel's failure to file a brief, which ultimately led petitioner to file a second PCRA petition, extraordinary; the Third Circuit has stated explicitly, "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Fahy*, 240 F.3d at 243. Further, lack of clarity in Pennsylvania law, *i.e.*, uncertainty in whether it was appropriate for petitioner to file a second PCRA petition, is not a ground for equitable tolling in a non-capital case. *Merritt*, 326 F.3d at 169; *Baker v. Horn*, 383 F. Supp. 2d 720, 748 (E.D. Pa. 2005) (relying on *Merritt* and concluding that petitioner could not "claim that the uncertainty of Pennsylvania law amounted to an

---

[3]To the extent that petitioner alleges a deficiency in the state habeas proceedings, such allegations are not cognizable in this forum. *See supra* note 2.

extraordinary circumstance preventing him from bringing his claims"). Lastly, the failure of the state court judge to dismiss petitioner's first PCRA petition more quickly does not amount to an extraordinary circumstance or governmental misleading, as there was no interference with petitioner's ability to file a federal habeas petition.

Petitioner is also not entitled to equitable tolling because he did not exercise reasonable diligence in filing the petition. Reasonable diligence in the filing of a second PCRA petition and appealing its dismissal do not amount to reasonable diligence in filing the instant habeas petition. Nothing prevented petitioner from filing his federal habeas petition shortly after his first PCRA petition was denied on January 31, 2001. Thus, this court finds that all of petitioners claims were available before the expiration of AEDPA's one-year statute of limitations and could have been filed within that timeframe. Accordingly, equitable tolling is not warranted in this case, and defendant's right to apply for federal habeas relief has expired.

**III. Conclusion**

For the reasons explained above, I will dismiss as untimely the instant petition under § 2254. The court must now determine if a certificate of appealability should issue. A court may issue a certificate of appealability only if the defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires that the defendant "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing


the petition or that the petitioner should be allowed to proceed further." *Id.* As shown above, petitioner's habeas petition violates the one-year statutory filing period contained in AEDPA. Therefore, a certificate of appealability will not issue. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN W. THORPE : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 06-712 |
| HARRY E. WILSON, et al. : | |

## Order

And now, this _____ day of January 2007, upon careful consideration of the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, the government's response, the Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport, and petitioner's objections thereto, it is hereby ORDERED that:

1. Petitioner's objections are OVERRULED.

2. The Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport is APPROVED and ADOPTED.

3. The petition for writ of habeas corpus is DENIED and DISMISSED.

5. The petitioner having failed to make a substantial showing of the denial of a constitutional right, there is no ground to issue a certificate of appealability, *see* 28 U.S.C. § 2253(c).

6. The Clerk shall CLOSE this case statistically.

                                                                            s/ William H. Yohn Jr.  
                                                                             William H. Yohn Jr., Judge